**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CINPRES GAS INJECTION, LIMITED,**
a company organized under the laws
of England and Wales,

    **Plaintiff,**

v.                                                   Case No.  8:06-mc-7-T-23TBM

**MELEA LIMITED,**
a company organized under
the laws of Gibraltar,

    **Defendant,**

v.

**JAMES HENDRY, witness,**

    **Respondent.**
                                           /

**O R D E R**

THIS MATTER is before the court on **Defendant Melea Limited's Motion Pursuant to 28 U.S.C. § 1782(a) for an Order Compelling Deposition and Document Discovery of Non-party James W. Hendry** (Doc. 1) and brief in support (Doc. 2). By its motion, Melea Limited, a party to litigation in the United Kingdom, seeks an Order compelling James Hendry, a resident of the Middle District of Florida, to produce documents and submit to a videotaped deposition in this district in connection with the proceedings currently pending in the United Kingdom. Mr. Hendry filed a response in opposition (Doc. 6). Under 28 U.S.C. § 1782, a United States district court may provide discovery assistance to litigants in foreign proceedings.[1] When considering a request for discovery

---

[1] Section 1782 provides in relevant part that, "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . ." 28 U.S.C. § 1782(a).

under § 1782(a), a district court must consider whether it is authorized to grant the request and whether it should exercise its discretion to do so. Intel Corp. v. Advanced Micro Devices, 542 U.S. 241, 262-64 (2004). Where a district court has authority under § 1782(a) to grant the requested discovery, it should consider the following factors in determining whether to exercise its discretion: (1) whether the person from whom discovery is sought is a participant in the proceedings or is otherwise subject to the foreign court's jurisdiction; (2) the nature of the foreign tribunal, the character of the proceedings underway in the tribunal, and the receptivity of the foreign government or the court to U.S. federal-court judicial assistance; (3) whether the request for discovery conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country; and (4) whether the request is unduly burdensome or overly intrusive. Id. at 264-65. A district court is not required to grant a § 1782(a) discovery request simply because it has the authority to do so. Id. at 264.

Upon careful consideration of the pleadings and voluminous attachments, and assuming that this court has authority to grant the discovery requested,[2] the court declines to exercise its discretion to do so. As revealed by Mr. Hendry's testimony, he is residing in the United Kingdom at present, he plans on remaining there at least until mid June 2006, and he holds a United Kingdom passport. As such, he is not outside of the jurisdiction of the foreign tribunal. In addition, Mr. Hendry has indicated that he plans on testifying at trial on behalf of Plaintiff, Cinpres Gas Injection, Ltd., and thus will be subject to cross-examination by Melea Limited. Moreover, as noted by Mr. Hendry, it appears that the discovery sought is available under the United Kingdom Civil Procedure Rules, a fact of which renders somewhat suspect Defendant's attempt to procure the same through this court. Melea Limited has not indicated one way or another whether it has pursued this avenue or explained why such is unavailable.

---

[2] A matter not challenged here.

Further, requiring Mr. Hendry, a non-party to this foreign litigation, to appear at deposition in the United States when he is currently residing abroad is unduly burdensome.[3] Accordingly, for the reasons set forth above, **Defendant Melea Limited's Motion Pursuant to 28 U.S.C. § 1782(a) for an Order Compelling Deposition and Document Discovery of Non-party James W. Hendry** (Doc. 1) is DENIED.

**Done and Ordered** in Tampa, Florida, this 13th day of March 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

---

[3]The court also finds persuasive the foreign authority cited by Mr. Hendry. See, e.g., Omega Group Holdings Ltd. v. Kozeny, 2001 WL 1040242, [2002] C.L.C. 132 (QBD Comm. Ct.).

3